## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER HAPLEA<br>88 Steeplechase Drive<br>Doylestown, PA 18901<br><br>Plaintiff,<br><br>v.<br><br>PLUMSTEADVILLE PUB, LLC, d/b/a<br>PLUMSTEADVILLE PUB<br>1133 North Easton Road<br>Doylestown, PA 18902<br>   and<br>JOHN KELLY, *individually*<br>1133 North Easton Road<br>Doylestown, PA 18902<br><br>Defendants. | CIVIL ACTION<br><br>No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

### CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Christopher Haplea (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq*.) and the Pennsylvania Minimum Wage Act ("PMWA"). Plaintiff asserts herein that Defendants violated state and federal wage laws and immediately terminated Plaintiff (illegally) in violation of the FLSA (for engaging in protected activity by complaining of illegality under the FLSA). As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. Jurisdiction lies over any state-related legal claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Plumbsteadville Pub, LLC (hereinafter, "Defendant Pub" where referred to individually) is a bar and restaurant operating in Bucks County, Pennsylvania.

8. John Kelly (hereinafter, "Defendant Kelly" where referred to individually) is an executive, high-level manager, and owner of Defendant Pub.

9. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. **FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendants in or about May of 2022; and in total, Plaintiff was employed with Defendant Pub for approximately 10 months (until termination).

12. Plaintiff was employed by Defendant Pub as a bartender during his approximate 10-month tenure.

13. At all relevant times, Plaintiff had always been directly managed by Defendant Kelly who is the owner and operator of Defendant Pub. Defendant Kelly is named herein *individually* as to his personal assets.[1]

14. Plaintiff had always been paid at rate of less than state-mandated minimum wage for a typical hourly (non-tipped) employee, but this was lawful, provided that: (a) Plaintiff received *all* earned tips; and (b) Plaintiff earned at least minimum wage in any given workweek(s).

15. From in or about May of 2022 through in or about February of 2022, Plaintiff was: (a) highly regarded; (b) worked virtually any hours requested; (c) was well liked by colleagues and customers; and (d) was an overall stellar employee who had not received any discipline.

---

[1] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over matters that constitute violations of the FLSA (as to wage violations or unlawful retaliation) may be sued individually).

16. In or about March of 2023, Defendants announced (verbally and in writing) a new policy whereby Plaintiff (and other tipped employees) would be required to mandatorily share ten percent (10%) of their tips with cooks. In reality, Defendants announced verbally and in writing a *per se* illegal policy of tip pooling *with cooks* <u>in violation of</u> the FLSA and PMWA.

17. Defendants represented in writing that their cooks work long hours, are on their feet for extended periods of time, and ostensibly wanted tipped staff (such as Plaintiff) to help subsidize promised wage increases to Defendants' cooks.

18. Defendant Kelly openly stated (amongst employees) that any tipped employee who doesn't want to comply with the new tip-pooling policy needs to find a new job.

19. Under FLSA employers can pay employees receiving tips less than standard minimum wage. 29 U.S.C. §§ 206(a)(1), 203(m). This arrangement is known as the "tip credit." 29 U.S.C. § 203(m). An employer can only take a tip credit toward the wages of employees who qualify as "tipped employees." *Id*. A "tipped employee" is "any employee engaged in an occupation in which he customarily and regularly receives more than $30 in tips." 29 U.S.C. § 203(t).

20. §203(m) of the FLSA <u>limits</u> participation in mandatory tip pools to employees who "customarily and regularly receive tips." *See e.g. Walsh v. Dayemi Org., Inc*., 2022 U.S. Dist. LEXIS 112477, *11-12 (S.D. Ill. 2022)(under federal law, "dishwashers, cooks, chefs, and janitors" may not participate in a "tip pool"); *see also Montano v. Montrose Rest. Assocs*., 800 F.3d 186 (5th Cir. 2015)("For example, chefs are one of the classic examples of those with whom tipped employees ***cannot*** be required to share tips," citing, DOL Handbook § 30d04(c)(listing "chefs or cooks, along with janitors, dishwashers, and laundry room attendants as occupations not eligible to participate in a tip pool")). *Id*. (emphasis added).

4

21. Defendants point-blank implemented a mandatory tip pool in violation of the federal law to exploit tipped staff and to subsidize employees' wages who did not customarily receive tips. Information concerning Defendants' violations or compliance with the FLSA is readily available online and is common knowledge amongst restaurants and bars.

22. Plaintiff expressed opposition to the roll-out of an policy wherein he would lose 10% of his income in an unlawful tip-pooling policy. Specifically, Plaintiff informed Defendant Kelly:

- He checked into the requirements and the practice is "illegal;"

- Plaintiff identified if he has to participate, he is going to contact the Department of Labor; and

- Plaintiff shared some information related to his own research about the impropriety of the sharing of tips with cooks.

23. Plaintiff was directed to come to Defendant Kelly's residence. Therein, Defendant Kelly attempted to talk Plaintiff into acquiescing and permitting the tip pooling with cooks. Plaintiff outlined his concerns referenced above and expressly stated he believe it to be "illegal." At this point, and on or about March 12, 2023, Plaintiff was abruptly terminated by Defendant Kelly for Plaintiff's objections (while in discussion at Defendant Kelly's residence).

24. There is no question Plaintiff expressed concerns <u>protected by</u> the FLSA, as Defendants were clearly violating the FLSA. And Plaintiff was terminated by Defendants while at Defendant's Kelly's residence <u>for objecting</u> to an unlawful payroll practice of Defendants. This constitutes an unlawful, retaliatory termination in violation of the FLSA.[2]

---

[2] *See e.g. Rocksmore v. Hanson*, 2015 U.S. Dist. LEXIS 23778, *24 (D. Or. 2015)(explaining it is unlawful to terminate an employee under the FLSA under §215 because the employee opposed an unlawful tip pool); *see also Guillory v. PF&B Mgmt., LP*, 2013 U.S. Dist. LEXIS 39484, *19 (S.D. Tx. 2013)(employee terminated for submitting legal concern for invalid tip pool states valid claim for FLSA retaliation); *Stewart v. CUS Nashville, LLC*, 2013 U.S. Dist. LEXIS 16035, *34 (M.D. Tenn. 2013)(denying summary judgment to employer and explaining its unlawful to terminate an employee under the FLSA who lodges a complaint for improper tip pooling).

25. Plaintiff was terminated unlawfully upon engaging in protected activities as outlined *supra.*

26. In addition to the foregoing, Defendants have widespread practices of not properly paying all wages owed, not paying overtime compensation, and shorting employees. This has been a source of employee complaints for upon information and belief many years.

27. Plaintiff often worked in excess of 40 hours per week. Under state and federal laws, Plaintiff is entitled to time and one half (at a calculation used for tipped employees). Plaintiff was not paid time and one half for hours in excess of 40 hours per week that he worked. This was a pervasive practice within Defendants' business.

## Count I
## Violations of the Fair Labor Standards Act ("FLSA")
**(Wrongful, Retaliatory Termination & Overtime Violations)**

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff's discharge from Defendants for engaging in protected activity under the FLSA constitutes unlawful retaliation under the FLSA. *See supra; see also Lambert v. Ackerley,* 180 F.3d 997, 1003-05 (9th Cir.1999)(*en banc*); *Valerio v. Putnam Assocs. Inc.,* 173 F.3d 35, 44-45 (1st Cir.1999); *EEOC v. Romeo Comty. Sch.,* 976 F.2d 985, 989-90 (6th Cir.1992); *EEOC v. White & Son Enters.,* 881 F.2d 1006, 1011 (11th Cir.1989); *Brock v. Richardson,* 812 F.2d 121, 123-25 (3d Cir.1987); *Love v. RE/MAX of Am., Inc.,* 738 F.2d 383, 387 (10th Cir.1984); *Brennan v. Maxey's Yamaha, Inc.,* 513 F.2d 179, 181 (8th Cir.1975).

30. Plaintiff was also not paid overtime compensation, as required by applicable overtime requirements.

31. Plaintiff seeks all remedies available for unlawful termination in violation of the FLSA.

## Count II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
(Failure to Pay Overtime Compensation)
- Against All Defendants -

32. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33. Defendants' failure to pay overtime in the aforesaid manner(s) also constitutes a violation of the PMWA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting overtime violations and retaliation;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded liquidated and punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

8

F.       Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.       Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

_____
Ari R. Karpf, Esquire
3331 Street Road
Bensalem, PA 19020
(215) 639-0801

Dated: March 22, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Christopher Haplea                                      : CIVIL ACTION
    v.                                :
                                                        :
Plumsteadville Pub, LLC, d/b/a Plumsteadville Pub, et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 3/22/2023 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 88 Steeplechase Drive, Doylestown, PA 18901

Address of Defendant: 1133 North Easton Road, Doylestown, PA 18902

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/22/2023   _____(signature)_____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [X] Labor-Management Relations
7. [ ] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 3/22/2023   _____(signature)_____   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HAPLEA, CHRISTOPHER

**DEFENDANTS**
PLUMSTEADVILLE PUB, LLC,
D/B/A PLUMSTEADVILLE PUB, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | [X] 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| | | | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and the PA Minimum Wage Act.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE: 3/22/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

Print    Save As...    Reset