IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER HAPLEA**<br>88 Steeplechase Drive<br>Doylestown, PA 18901<br><br>*Plaintiff,*<br><br>vs.<br><br>**PLUMSTEADVILLE PUB, LLC, d/b/a**<br>**PLUMSTEADVILLE PUB**<br>1133 North Easton Road<br>Doylestown, PA 18902<br><br>-and-<br><br>**JOHN KELLY,** *individually*<br>1133 North Easton Road<br>Doylestown, PA 18902<br><br>*Defendants.* | NO.: 2:23-cv-01117-JMY<br><br>CIVIL ACTION<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED CIVIL ACTION COMPLAINT[1]**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

**I. INTRODUCTION**

1. This action has been initiated by Christopher Haplea (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq*.) and the Pennsylvania Minimum Wage Act ("PMWA"). Plaintiff asserts herein that Defendants violated state and federal wage laws and immediately terminated Plaintiff (illegally) in violation of the FLSA (for engaging in protected activity by complaining of

---

[1] Plaintiff files this First Amended Complaint as of right pursuant to F.R.C.P. 15(a)(1)(B), within 21 days after service of a motion under Rule 12(b). Defendants filed a Motion under Rule 12(b) on June 5, 2023 (ECF Doc. 10).

illegality under the FLSA). As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. Jurisdiction lies over any state-related legal claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Plumbsteadville Pub, LLC (hereinafter, "Defendant Pub" where referred to individually) is a bar and restaurant operating in Bucks County, Pennsylvania.

8. John Kelly (hereinafter, "Defendant Kelly" where referred to individually) is an executive, high-level manager, and owner of Defendant Pub.

9. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. **FACTUAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was hired by Defendants in or about May of 2022; and in total, Plaintiff was employed with Defendant Pub for approximately 10 months (until termination).

12. Plaintiff was employed by Defendant Pub as a bartender during his approximate 10-month tenure.

13. At all relevant times, Plaintiff had always been directly managed by Defendant Kelly who is the owner and operator of Defendant Pub. Defendant Kelly is named herein *individually* as to his personal assets.[2]

14. Plaintiff had always been paid at rate of less than state-mandated minimum wage for a typical hourly (non-tipped) employee, but this was lawful, provided that: (a) Plaintiff received *all* earned tips; and (b) Plaintiff earned at least minimum wage in any given workweek(s).

15. From in or about May of 2022 through in or about February of 2022, Plaintiff was: (a) highly regarded; (b) worked virtually any hours requested; (c) was well liked by colleagues and customers; and (d) was an overall stellar employee who had not received any discipline.

16. In or about March of 2023, Defendants announced (verbally and in writing) a new

---

[2] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over matters that constitute violations of the FLSA (as to wage violations or unlawful retaliation) may be sued individually).

3

policy whereby Plaintiff (and other tipped employees) would be required to mandatorily share ten percent (10%) of their tips with cooks. In reality, Defendants announced verbally and in writing a *per se* illegal policy of tip pooling *with cooks* in violation of the FLSA and PMWA.

17.     Defendants represented in writing that their cooks work long hours, are on their feet for extended periods of time, and ostensibly wanted tipped staff (such as Plaintiff) to help subsidize promised wage increases to Defendants' cooks.

18.     Defendant Kelly openly stated (amongst employees) that any tipped employee who doesn't want to comply with the new tip-pooling policy needs to find a new job.

19.     Under FLSA employers can pay employees receiving tips less than standard minimum wage. 29 U.S.C. §§ 206(a)(1), 203(m). This arrangement is known as the "tip credit." 29 U.S.C. § 203(m). An employer can only take a tip credit toward the wages of employees who qualify as "tipped employees." *Id*. A "tipped employee" is "any employee engaged in an occupation in which he customarily and regularly receives more than $30 in tips." 29 U.S.C. § 203(t).

20.     §203(m) of the FLSA limits participation in mandatory tip pools to employees who "customarily and regularly receive tips." *See e.g. Walsh v. Dayemi Org., Inc*., 2022 U.S. Dist. LEXIS 112477, *11-12 (S.D. Ill. 2022)(under federal law, "dishwashers, cooks, chefs, and janitors" may not participate in a "tip pool"); *see also Montano v. Montrose Rest. Assocs*., 800 F.3d 186 (5th Cir. 2015)("For example, chefs are one of the classic examples of those with whom tipped employees ***cannot*** be required to share tips," citing, DOL Handbook § 30d04(c)(listing "chefs or cooks, along with janitors, dishwashers, and laundry room attendants as occupations not eligible to participate in a tip pool")). *Id*. (emphasis added).

21.     Defendants point-blank implemented a mandatory tip pool in violation of the

4

federal law to exploit tipped staff and to subsidize employees' wages who did not customarily receive tips. Information concerning Defendants' violations or compliance with the FLSA is readily available online and is common knowledge amongst restaurants and bars.

22. Plaintiff expressed opposition to the roll-out of an policy wherein he would lose 10% of his income in an unlawful tip-pooling policy. Specifically, Plaintiff informed Defendant Kelly:

- He checked into the requirements and the practice is "illegal;"

- Plaintiff identified if he has to participate, he is going to contact the Department of Labor; and

- Plaintiff shared some information related to his own research about the impropriety of the sharing of tips with cooks.

23. Plaintiff was directed to come to Defendant Kelly's residence. Therein, Defendant Kelly attempted to talk Plaintiff into acquiescing and permitting the tip pooling with cooks. Plaintiff outlined his concerns referenced above and expressly stated he believe it to be "illegal." At this point, and on or about March 15, 2023, Plaintiff was abruptly terminated by Defendant Kelly for Plaintiff's objections (while in discussion at Defendant Kelly's residence).

24. There is no question Plaintiff expressed concerns <u>protected by</u> the FLSA, as Defendants were clearly violating the FLSA. And Plaintiff was terminated by Defendants while at Defendant's Kelly's residence <u>for objecting</u> to an unlawful payroll practice of Defendants. This constitutes an unlawful, retaliatory termination in violation of the FLSA.[3]

---

[3] *See e.g. Rocksmore v. Hanson*, 2015 U.S. Dist. LEXIS 23778, *24 (D. Or. 2015)(explaining it is unlawful to terminate an employee under the FLSA under §215 because the employee opposed an unlawful tip pool); *see also Guillory v. PF&B Mgmt., LP*, 2013 U.S. Dist. LEXIS 39484, *19 (S.D. Tx. 2013)(employee terminated for submitting legal concern for invalid tip pool states valid claim for FLSA retaliation); *Stewart v. CUS Nashville, LLC*, 2013 U.S. Dist. LEXIS 16035, *34 (M.D. Tenn. 2013)(denying summary judgment to employer and explaining its unlawful to terminate an employee under the FLSA who lodges a complaint for improper tip pooling).

25.     Plaintiff was terminated unlawfully upon engaging in protected activities as outlined *supra.*

26.     In addition to the foregoing, Defendants have widespread practices of not properly paying all wages owed, not paying overtime compensation, and shorting employees. This has been a source of employee complaints for upon information and belief many years.

27.     Plaintiff often worked in excess of 40 hours per week. Under state and federal laws, Plaintiff is entitled to time and one half (at a calculation used for tipped employees). Plaintiff was not paid time and one half for hours in excess of 40 hours per week that he worked. This was a pervasive practice within Defendants' business.

28.     On or about June 2, 2023 (after Plaintiff's initial complaint had been filed (ECF. No 1)), at approximately 9:30 am Defendant John Kelly approached Plaintiff at Home Depot, located at 650 Easton Rd., Warrington, PA 19876. Defendant Kelly quickly beelined towards Plaintiff in an angry and threatening manner. Defendant Kelly loudly asked Plaintiff "what the hell" he was doing "getting lawyers involved" (referencing the instant lawsuit).

29.     Defendant Kelly placed himself and his cart between Plaintiff and the cash register so that Plaintiff could not complete his transaction and caused Plaintiff to raise his hands defensively and take a few steps back.

30.     Defendant Kelly attempted to intimidate Plaintiff against fully adjudicating his initially filed claims against Defendants for their violations of the FLSA and PMWA.

31.     As a result of the incident described in paragraphs 28-30, Plaintiff has suffered extreme anxiety and distress including but not limited to, difficulty sleeping, difficulty eating, anxiety, and stress.

32.     Plaintiff has filed his own private criminal complaint alleging harassment and

intimidation. Plaintiff has first-hand knowledge of Defendant Kelly's propensity for violence and physical altercations based on previous behaviors of Defendant Kelly at Defendant Pub and is extremely worried about his own safety based on Defendant Kelly's acts of intimidation and retaliation.

## Count I
### Violations of the Fair Labor Standards Act ("FLSA")
(Wrongful, Retaliatory Termination & Overtime Violations)

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff's discharge from Defendants for engaging in protected activity (i.e. objecting to Defendant's unlawful pay practices) under the FLSA constitutes unlawful retaliation under the FLSA. *See supra; see also Lambert v. Ackerley,* 180 F.3d 997, 1003-05 (9th Cir.1999)(*en banc*); *Valerio v. Putnam Assocs. Inc.,* 173 F.3d 35, 44-45 (1st Cir.1999); *EEOC v. Romeo Comty. Sch.,* 976 F.2d 985, 989-90 (6th Cir.1992); *EEOC v. White & Son Enters.,* 881 F.2d 1006, 1011 (11th Cir.1989); *Brock v. Richardson,* 812 F.2d 121, 123-25 (3d Cir.1987); *Love v. RE/MAX of Am., Inc.,* 738 F.2d 383, 387 (10th Cir.1984); *Brennan v. Maxey's Yamaha, Inc.,* 513 F.2d 179, 181 (8th Cir.1975).

35. Plaintiff was also not paid overtime compensation, as required by applicable overtime requirements.

36. As a result of these FLSA violations, Plaintiff has suffered extreme emotional distress as a result of this conduct, including but not limited to, difficulty sleeping, difficulty eating, anxiety, and stress.

37. Plaintiff seeks all remedies available for unlawful termination in violation of the FLSA.

38. Defendant Kelly is individually liable pursuant to the FLSA as he is the owner of Defendant Pub who exercised control over the wage violations and retaliation described herein.[4]

## Count II
## Violations of the Pennsylvania Minimum Wage Act ("PMWA")
**(Failure to Pay Overtime Compensation)**
**- Against All Defendants -**

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Defendants' failure to pay overtime in the aforesaid manner(s) also constitutes a violation of the PMWA.

## Count III
## Violations of the Fair Labor Standards Act ("FLSA")
**(Retaliation)**
**- Against Defendant Kelly -**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. Defendant Kelly retaliated against Plaintiff for engaging in "protected activity" in violation of the FLSA by virtue of this original Complaint and the allegations herein.

43. Plaintiff has suffered further damages (including, but not limited to, legal remedies allowed under the FLSA, financial harm, pain, suffering, and humiliation) as a result of Defendant's conduct as described *supra* in paragraphs 28-30.

44. As described, *supra*, in paragraph 29, Plaintiff has suffered extreme emotional distress as a result of this conduct, including but not limited to, difficulty sleeping, difficulty eating, anxiety, and stress.

---

[4] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over matters that constitute violations of the FLSA (as to wage violations or unlawful retaliation) may be sued individually).

45. Defendant Kelly's actions constitute a violation of the FLSA's retaliation provisions.[5]

46. Defendant Kelly is individually liable pursuant to the FLSA as he is the owner of Defendant Pub who exercised control over the wage violations and retaliation described herein.[6]

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting overtime violations and retaliation;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendants' actions;

D. Plaintiff is to be awarded liquidated and punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

---

[5] *See Sondesky v. Ellis*, No. 17-4280, 2018 U.S. Dist. LEXIS 16766, at *1-2 n.1 (E.D. Pa. Jan. 30, 2018)("However, former employees can bring FLSA retaliation claims, and "[t]he scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm." *See Darveau v. Detecon, Inc.*, 515 F.3d 334, 341-42 (4th Cir. 2008) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)). "Former employees require such protection because they often need references from past employers . . . ." *Id.* at 343.").

[6] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers, owners or and corporate officers exercising control over matters that constitute violations of the FLSA (as to wage violations or unlawful retaliation) may be sued individually).

  E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

  F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

  G. Plaintiff is permitted to have a trial by jury.

              Respectfully submitted,

              **KARPF, KARPF & CERUTTI, P.C.**

              */s/ Allison A. Barker*
              Ari R. Karpf, Esq.
              Allison A. Barker, Esq.
              Christa Levko, Esq.
              3331 Street Road
              Two Greenwood Square, Suite 128
              Bensalem, PA 19020
              (215) 639-0801

Dated: June 19, 2023

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record via this Court's CM/ECF system.

/s/ *Allison A. Barker*
Allison A. Barker, Esq.

Dated: June 19, 2023