IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER HAPLEA, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| PLUMSTEADVILLE PUB, LLC and JOHN KELLY | : | No. 23-cv-01117-RAL |
| Defendants | : | |

## **MEMORANDUM**

Defendants Plumsteadville Pub, LLC and John Kelly have moved under Fed. R. Civ. P. 12(b)(6) to dismiss Counts I, II, and III of Plaintiff's Amended Complaint. Doc. No. 16. Counts I and III allege violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") (Doc. No. 11, at ¶¶ 33–38, 41–46) and Count II alleges a violation of the Pennsylvania Minimum Wage Act, 43 Pa. Stat. Ann. § 333.101, *et seq.* ("PMWA"). Doc. No. 11, at ¶¶ 39–40. Plaintiff has filed a Response. Doc. No. 17. For the reasons discussed below, I will deny Defendants' motion as to Counts I and II and grant Defendants' motion as to Count III.

## **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff Christopher Haplea was employed by Defendant Plumsteadville Pub, LLC as a bartender for a period of 10 months beginning in May 2022. Doc. No. 11, at ¶¶ 11, 12.[1] During that time, Mr. Haplea was directly managed by Defendant John Kelly who is the owner and operator of the Plumsteadville Pub. Doc. No. 11, at ¶ 13.

---

[1] At this stage I must accept the complaint's well pleaded allegations of fact as true, disregard legal conclusions, and decide whether the facts alleged in the complaint show a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

As a bartender, Mr. Haplea was paid an hourly wage less than the state-mandated minimum wage but was entitled to keep any tips he earned during his shifts. Doc. No. 11, at ¶ 14.

In or around March 2023, Mr. Kelly announced a new policy that required tipped employees, including Mr. Haplea, to share 10% of their tips with the bar's cooks. Doc. No. 11, at ¶ 16. Mr. Haplea expressed opposition to this policy and informed Mr. Kelly that he believed the tip sharing policy violated federal labor laws. Doc. No. 11, at ¶¶ 22, 23. On or about March 15, 2023, Mr. Kelly terminated Mr. Haplea's employment. Doc. No. 11, at ¶ 23.

Mr. Haplea initiated this lawsuit on March 22, 2023. *See* Doc. No. 1. On or about June 2, 2023, Mr. Kelly approached Mr. Haplea at a Home Depot store "in an angry and threatening manner" and placed himself between Mr. Haplea and the cash register so that Mr. Haplea could not complete his transaction. Doc. No. 11, at ¶¶ 28, 29. Mr. Haplea perceived this altercation as an "attempt[] to intimidate Plaintiff against fully adjudicating his . . . claims against Defendants[.]" Doc. No. 11, at ¶ 30. Mr. Haplea alleges that he has suffered "extreme anxiety and distress" as a result of this incident. Doc. No. 11, at ¶ 31.

On June 19, 2023, Mr. Kelly filed an Amended Complaint alleging three counts. Count I alleges overtime violations, wrongful termination, and retaliation in violation of the Fair Labor Standards Act against the Plumsteadville Pub and Mr. Kelly, in his individual capacity. Doc. No. 11, at ¶¶ 33–38. Count II alleges failure to pay overtime compensation in violation of the Pennsylvania Minimum Wage Act against the Plumsteadville Pub and Mr. Kelly, in his individual capacity. Doc. No. 11, at ¶¶ 39–40. Finally, Count III alleges retaliation in violation of the Fair Labor Standards Act against

Mr. Kelly, in his individual capacity, relating to Mr. Kelly's confrontation of Mr. Haplea in June 2023 after this lawsuit was initiated. Doc. No. 11, at ¶¶ 41–46.

## LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). At the pleadings stage, the court must accept all the complaint's well-pleaded facts as true but should disregard legal conclusions. The court must then determine whether the facts alleged in the complaint suffice to show a plausible claim for relief. *Fowler,* 578 F.3d at 210–11 (citing *Ashcroft,* 556 U.S. at 679).

When evaluating a motion to dismiss, a court may only consider facts asserted in the complaint, any attachments to the complaint, facts of public record, and matters of which judicial notice may be taken. *Walter v. Southeastern Pennsylvania Transp. Authority*, 434 F.Supp.2d 346 (E.D. Pa. 2006) (Dubois, J.). A "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).

## DISCUSSION

Defendants' Motion to Dismiss raises three arguments. First, Defendants argue that Mr. Kelly cannot be held individually liable for his alleged actions because the fifty-employee minimum threshold required by the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA") also applies to the FLSA, and Mr. Haplea has not alleged that the Plumsteadville Pub employed more than fifty employees. *See* Doc. No. 16, at 4–9.

Next, Defendants argue that neither punitive damages nor damages for pain and suffering are available remedies under the FLSA or, in the alternative, that Mr. Haplea has failed to plead sufficient facts to entitle him to such damages. *See* Doc. No. 16, at 9–16. Finally, Defendants argue that the post-employment conduct alleged in Count III of the Amended Complaint is beyond the scope of the FLSA. *See* Doc. No. 16, at 16–19. I will address each argument in turn.

### A. Mr. Kelly may be held individually liable under the FLSA and PMWA.

Defendants ask this Court to limit Mr. Kelly's individual liability under the FLSA and PMWA because Mr. Haplea has not alleged that the Plumsteadville Pub employed more than fifty employees. *See* Doc. No. 16, at 4–9. This is not the law.

"The FLSA imposes individual liability on 'any person acting directly or indirectly in the interest of an employer in relation to an employee[.]'" T*hompson v. Real Est. Mortg. Network*, 748 F.3d 142, 153 (3d Cir. 2014) (*quoting* 29 U.S.C. § 203(d)). "Aside from the corporate entity itself, a company's owners, officers, or supervisory personnel may also constitute 'joint employers' for purposes of liability under the FLSA." *SeYoung Ra v. Gerhard's, Inc.*, No. 17-5211, 2019 WL 95473, at *5 (E.D. Pa. Jan. 3, 2019) (Goldberg, J.) (*citing Thompson*, 748 F.3d at 153). Whether an individual qualifies as an "employer" for the purposes of the FLSA depends on "whether the individual has exerted sufficient control over significant aspects of the employer's employment policies." *Davis v. Abington Mem'l Hosp.*, 817 F. Supp. 2d 556, 565 n.48 (E.D. Pa. 2011)

(Rufe, J.). "[A]llegations regarding individual supervisory authority need not be detailed or extensive to survive a motion to dismiss." *SeYoung Ra*, 2019 WL 95473, at *5.

The definition of "employer" under the PMWA similarly includes "any individual, partnership, association, corporation, business trust, or any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employee." 43 P.S. § 333.103(g). Like the FLSA, the PMWA "does not shield corporate officers from individual liability for personal tortious conduct." *Scholly v. JMK Plastering, Inc.*, No. 07-4998, 2008 WL 2579729, at *4 (E.D. Pa. June 25, 2008) (Joyner, J.).

Defendants concede that Mr. Kelly is an "employer" under the FLSA and instead argue that the FLSA's individual liability provisions do not apply to a business the size of Plumsteadville Pub. *See* Doc. No. 16, at 7. To support their argument, Defendants cite to cases within our district that use the definition of "employer" in the FLSA as a tool to assist with interpreting the definition of "employer" in the FMLA. *See* Doc. No. 16, at 5–7 (*discussing Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 667 F.3d 408 (3d Cir. 2012); *Scholly*, No. 07-4998, 2008 WL 2579729). Defendants argue that, because our courts have considered the definition of "employer" in the FLSA to be materially similar to the definition of "employer" in the FMLA for purposes of construing statutory language, the FMLA's fifty-employee threshold must also apply to the FLSA. *See* Doc. No. 16, at 7–8. This logic fails.

The FMLA's definition of "employer" specifically limits the law to employers who employ more than fifty employees. *See* 29 U.S.C.A. § 2611(4)(A)(i). The FLSA, on the other hand, has no such requirement. *See* 29 U.S.C.A. § 203. Nor does the PWMA. *See* 43 Pa. Stat. Ann. § 333.103. Defendants have not identified any case that has elected to apply the FMLA's fifty-employee threshold to FLSA claims, nor am I aware of any.

Had Congress wanted to limit the applicability of the FLSA only to employers with fewer than fifty-employees, it would have clearly stated that limitation in the text of the law.

Mr. Haplea's FLSA and PWMA claims against Mr. Kelly in his individual capacity are sufficiently pleaded and may proceed.

**B.     Mr. Haplea is entitled to seek punitive damages and damages for pain and suffering.**

The Amended Complaint requests punitive damages as well as "damages for the pain, suffering, and humiliation caused by Defendants' actions." Doc. No. 11, at 9. Defendants argue that punitive damages and damages for pain and suffering are not available legal remedies under the FLSA or, in the alternative, that Mr. Haplea has not pleaded sufficient factual allegations to support the existence of a qualifying injury. *See* Doc. No. 16, at 9–16. For the following reasons, I decline to strike Plaintiff's requests for damages at this stage.

  1. *Punitive damages are an available remedy for retaliation under the FLSA.*

It is unlawful for an employer "to discharge or in any other manner discriminate against any employee" for bringing a complaint or other action under the FLSA. 29 U.S.C.A. § 215(a)(3). Counts I and III of the Amended Complaint allege claims for retaliatory termination and retaliation. Doc. No. 11, at ¶¶ 33–38, 41–46.

An employer who engages in retaliation "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of . . . this title[.]" 29 U.S.C.A. § 216. Courts have interpreted this language as allowing punitive damages for retaliation claims. *See Marrow v. Allstate Sec. & Investigative Servs., Inc.*, 167 F. Supp. 2d 838, 846 (E.D. Pa. 2001) (Pollak, J.) ("[T]he second sentence of § 216(b) allows a FLSA plaintiff to obtain punitive damages against an employer who violates the provisions of

§ 215(a)(3)."); *Jones v. Amerihealth Caritas*, 95 F. Supp. 3d 807, 818 (E.D. Pa. 2015) (Kearney, J.) (denying motion to dismiss and acknowledging "punitive damages are available for retaliation claims under the . . . FLSA."); *Shroyer-King v. Mom-N-Pops, LLC*, No. 20-1558, 2021 WL 5055662, at *4 (W.D. Pa. Nov. 1, 2021) (acknowledging punitive damages are available for a retaliation claim under the FLSA).

Because punitive damages are an available remedy for retaliation under the FLSA, Defendants' request to strike Plaintiff's claim for such damages will be denied.

    2. *Pain and suffering damages are an available remedy for retaliation under the FLSA.*

Defendants raise similar arguments with regard to Mr. Haplea's request for pain and suffering damages as they did with regard to punitive damages and further argue that the Amended Complaint lacks "any factual allegations that plausibly support the existence of their injury." Doc. No. 16, at 5.

Courts have interpreted Section 216 to allow pain and suffering damages for retaliation claims under the FLSA. *Amerihealth Caritas*, 95 F. Supp. 3d at 818–19 (*quoting Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944)) ("Guided by the Supreme Court's statement that the FLSA is 'remedial and humanitarian in purpose' and it is not to be 'interpreted or applied in a narrow, grudging manner', we find that at this stage in the proceeding, [Plaintiff] may pursue compensatory damages for emotional distress."); *Short-Irons v. Catham Acres Healthcare Grp., Inc.*, No. 18-5136, 2019 WL 3936356, at *4 (E.D. Pa. Aug. 20, 2019) (Pratter, J.) (denying motion to dismiss and acknowledging that "FLSA retaliation

plaintiffs may pursue compensatory damages for emotional distress, at least through the motion to dismiss stage.").

The Amended Complaint alleges that Mr. Haplea was discharged from his employment "for engaging in protected activity" (Doc. No. 11, at ¶ 34) and that, "[a]s a result of these FLSA violations, Plaintiff has suffered extreme emotional distress" the symptoms of which include "difficulty sleeping, difficulty eating, anxiety, and stress." Doc. No. 11, at ¶ 36. The nature and extent of Mr. Haplea's emotional distress is a question of fact for which Mr. Haplea will bear the burden to prove at trial. At this stage of the proceedings, however, Mr. Haplea has adequately pleaded that he suffered emotional distress as a result of Defendants' actions.

Because pain and suffering damages are an available remedy for retaliation under the FLSA and because the Amended Complaint alleges sufficient facts regarding Mr. Haplea's emotional distress, Defendants' request to strike Plaintiff's claim for such damages will be denied.

      **C.**    **Mr. Kelly's conduct following the filing of this litigation is not within the scope of the FLSA.**

Defendants argue that Count III of the Amended Complaint fails to state a claim because Mr. Kelly's purported conduct—*i.e.*, that he publicly threatened Mr. Haplea regarding this litigation—does not constitute an adverse employment action, and so falls outside the scope of the FLSA. Doc. No. 16, at 16–19. The parties do not dispute that the FLSA provides a cause of action for post-employment retaliation, only whether the alleged conduct must have some adverse effect on future employment opportunities in order to support an FLSA retaliation claim.

To state a claim for retaliation under the FLSA, a plaintiff must plead that "(1) the plaintiff engaged in protected activity, (2) the employer took an adverse employment action against him, and (3) there was a causal link between the plaintiff's protected action and employer's adverse action." *Scholly*, Civ. A. No. 07–4998, 2008 WL 2579729, at *3 (citing *Preobrazhenskaya v. Mercy Hall Infirmary*, 71 F. App'x 936 (3d Cir. 2003)). Plaintiff appears to argue that, in contrast to current employees, "former employees can bring retaliation claims for conduct 'beyond workplace-related or employment-related retaliatory acts and harm.'" Doc. No. 17, at 10 (*quoting Darveau v. Detecon, Inc.*, 515 F. 3d 334, 341–42 (4th Cir. 2008).

While the Third Circuit has not addressed post-employment retaliation in the context of the FLSA, it has evaluated such claims under Title VII of the Civil Rights Act. As other courts have acknowledged, there are "no significant differences in either the language or intent of [the FLSA and Title VII] regarding the type of adverse action their retaliation provisions prohibit" and both statutes "contain identical general definitions of 'employee.'" *Darveau*, 515 F.3d at 342; *compare* 29 U.S.C. § 215(a)(3) (FLSA) *with* 42 U.S.C. § 2000e–3(a) (Title VII). Given the similarities between the FLSA and Title VII, I will look to Title VII precedent for guidance.

Cases within the Third Circuit have clearly held that, to state a claim for post-employment retaliation under Title VII, "a plaintiff must show that he engaged in protected activity, that his former employer had influence over a subsequent employment-related decision, and that his former employer made a retaliatory use of that influence to the detriment of the plaintiff's employment opportunities." *Boandl v. Geithner*, 752 F. Supp. 2d 540, 567–68 (E.D. Pa. 2010) (Stengel, J.) (*citing Charlton v. Paramus Bd. Of Educ.*, 25 F.3d 194, 200–201 (3d Cir.1994)) (granting summary

judgment in favor of employer where Title VII plaintiff "failed to allege a post-employment adverse action that caused harm to his employment opportunities"). Under these cases, "post-employment retaliation must 'involve[] some harm to an employee's employment opportunities.'" *Boandl*, 752 F. Supp. 2d at 567–68 (*quoting Nelson v. Upsala College,* 51 F.3d 383, 388 n.6 (3d Cir.1995)); *see also Dean v. Philadelphia Gas Works*, No. 19-4266, 2021 WL 2661485, at *12 (E.D. Pa. June 28, 2021) (Pappert, J.) (dismissing post-employment retaliation claim where plaintiff "does not claim, and the evidence does not demonstrate" that the alleged post-employment harassment "affected his future employment opportunities"); *Carpenter v. Geithner*, No. 11-460, 2012 WL 2018172, at *6 (E.D. Pa. June 5, 2012) (O'Neill, J.) (granting judgment on the pleadings where plaintiff did not allege that her employer's post-employment investigation harmed her future employment opportunities).

At least one case within our district has applied our circuit's Title VII precedent to find that post-employment retaliation under the FLSA "must relate to an employment relationship and involve some harm to an employee's employment opportunities." *Hayes v. Saltz, Mongeluzzi & Bendesky, P.C.*, No. 22-2277, 2023 WL 362005, at *4 (E.D. Pa. Jan. 23, 2023) (Robreno, J.) (quotations omitted). I agree with the *Hayes* court's analysis. To state a claim for post-employment retaliation under the FLSA Mr. Haplea must allege that his former employer's post-employment conduct had an adverse effect on his future employment opportunities. This result makes sense given the purpose of the FLSA and the fact that harassing behavior outside of the employment context is actionable under other causes of action.

Mr. Haplea is correct that he "is not required to definitely prove that his employment opportunities have been harmed" at this stage of the proceedings. Doc. No.

17, at 11. However, he is required stage to at least allege facts indicating that he suffered a materially adverse employment action as a result of Mr. Kelly's actions.

The Amended Complaint does not assert that Mr. Haplea's employment prospects have been harmed as a result of the incident that occurred in June 2023 or that at any prospective employers were even aware of the incident between Mr. Haplea and Mr. Kelly. *See* Doc. No. 11. Thus, Count III fails to state a claim for post-employment retaliation under the FLSA and must be dismissed.

## CONCLUSION

I will enter an order granting the motion to dismiss Count III without prejudice and granting leave to file amended claims within 14 days of the Order. I will deny the motion to dismiss Counts I and II.

**BY THE COURT:**

*/s/ Richard A. Lloret*
**RICHARD A. LLORET**
**U.S. MAGISTRATE JUDGE**